UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

MARTIN L. MANLEY,

                    Plaintiff,                          Case No. 1:12-cv-508

v.                                              Honorable Paul L. Maloney

UNKNOWN PARTY,

                    Defendant.
_____/

**OPINION DENYING LEAVE**
**TO PROCEED _IN FORMA PAUPERIS_ - THREE STRIKES**

        Plaintiff Martin L. Manley, a prisoner incarcerated at Saginaw Correctional Facility, filed a complaint pursuant to 42 U.S.C. § 1983.  Plaintiff seeks leave to proceed _in forma pauperis_. Because Plaintiff has filed at least three lawsuits that were dismissed as frivolous, malicious or for failure to state a claim, he is barred from proceeding _in forma pauperis_ under 28 U.S.C. § 1915(g). The Court will order Plaintiff to pay the $350.00 civil action filing fee within twenty-eight (28) days of this opinion and accompanying order, and if Plaintiff fails to do so, the Court will order that his action be dismissed without prejudice.  Even if the case is dismissed, Plaintiff will be responsible for payment of  the $350.00 filing fee in accordance with _In re Alea_, 286 F.3d 378, 380-81 (6th Cir. 2002).

**Discussion**

        The Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996), which was enacted on April 26, 1996, amended the procedural rules governing a prisoner's request for the privilege of proceeding _in forma pauperis_.  As the Sixth Circuit has stated, the PLRA

was "aimed at the skyrocketing numbers of claims filed by prisoners – many of which are meritless – and the corresponding burden those filings have placed on the federal courts." *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997). For that reason, Congress put into place economic incentives to prompt a prisoner to "stop and think" before filing a complaint. *Id.* For example, a prisoner is liable for the civil action filing fee, and if the prisoner qualifies to proceed *in forma pauperis*, the prisoner may pay the fee through partial payments as outlined in 28 U.S.C. § 1915(b). The constitutionality of the fee requirements of the PLRA has been upheld by the Sixth Circuit. *Id.* at 1288.

In addition, another provision reinforces the "stop and think" aspect of the PLRA by preventing a prisoner from proceeding *in forma pauperis* when the prisoner repeatedly files meritless lawsuits. Known as the "three-strikes" rule, the provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the section governing proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The statutory restriction "[i]n no event," found in § 1915(g), is express and unequivocal. The statute does allow an exception for a prisoner who is "under imminent danger of serious physical injury." The Sixth Circuit has upheld the constitutionality of the "three-strikes" rule against arguments that it violates equal protection, the right of access to the courts, and due process, and that it constitutes a bill of attainder and is *ex post facto* legislation. *Wilson v. Yaklich*, 148 F.3d 596, 604-06 (6th Cir. 1998); *accord Pointer v. Wilkinson*, 502 F.3d 369, 377 (6th Cir. 2007) (citing *Wilson*, 148 F.3d at 604-06); *Rodriguez v. Cook*, 169 F.3d 1176, 1178-82 (9th Cir. 1999); *Rivera*

*v. Allin*, 144 F.3d 719, 723-26 (11th Cir. 1998); *Carson v. Johnson*, 112 F.3d 818, 821-22 (5th Cir. 1997).

Plaintiff has been an active litigant in the federal courts in Michigan.  In at least three of Plaintiff's lawsuits, the Court entered dismissals on the grounds that they failed to state a claim.  *See Manley v. Wolven*, No. 1:11-cv-151 (W.D. Mich. Sept. 2, 2011); *Manley v. Wolven*, No. 1:10-cv-929 (W.D. Mich. Nov. 19, 2010); *Manley v. Gundy et al.*, No. 1:99-cv-537 (W.D. Mich. Aug. 31, 1999).  In addition, the Court previously has denied leave to proceed *in forma pauperis* on the ground that Plaintiff has three strikes.  *See Manley v. Filsinger et al.*, No. 1:11-cv-957 (W.D. Mich. Sept. 26, 2011).

Moreover, Plaintiff's allegations do not fall within the imminent-danger exception to the three-strikes rule of 28 U.S.C. § 1915(g).  Plaintiff alleges that an unknown surgeon employed by the Michigan Department of Corrections violated the Eighth and Fourteenth Amendments by failing to order surgery for his varicose veins, in response to a request initiated on January 10, 2012 by a nurse or doctor at the G. Robert Cotton Correctional Facility.  According to the allegations of the complaint and the attachments, since 2006, Plaintiff has been treated for varicose veins by various providers at a number of facilities within the Michigan Department of Corrections.  He has received multiple pain medications, circulation medication and compression stockings, and he has been directed to walk to improve circulation.  He alleges that the pain medications no longer control his pain, and he sometimes walks with difficulty because of the pain.

Congress did not define "imminent danger" in the PLRA, but it is significant that Congress chose to use the word "imminent," a word that conveys the idea of immediacy. "Imminent" is "Near at hand . . . impending; on the point of happening; threatening, menacing,

perilous. Something which is threatening to happen at once, something close at hand, something to happen upon the instant . . . and on the point of happening." BLACK'S LAW DICTIONARY, 514-15 (6th ed. 1991). "Imminent" is also defined as "ready to take place, near at hand, impending, hanging threateningly over one's head, menacingly near." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY, 1130 (1976). "Imminent danger" is "such an appearance of threatened and impending injury as would put a reasonable and prudent man to his instant defense." BLACK'S LAW DICTIONARY, 515 (6th ed. 1991). Where a prisoner has disputed the adequacy of medical treatment for a period of years but fails to allege any serious injury in other than a conclusory fashion, he has failed sufficiently to allege imminent danger. *See Sweatt v. Tenn. Dep't of Corrs.*, No. 00-5874, 2001 WL 128357, at *1 (6th Cir. Feb. 6, 2001).

Congress also did not define "serious physical injury,"though various courts have interpreted the meaning of the phrase. In *Ibrahim v. District of Columbia*, 464 F.3d 3, 7 (D.C. Cir. 2006), the D.C. Circuit concluded that a "chronic disease that could result in serious harm or even death constitutes 'serious physical injury.'" *Id.* Similarly, in *Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004), the Eleventh Circuit found that HIV and Hepatitis C, both chronic and potentially fatal diseases, met the "serious physical injury" requirement. Moreover, in *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003), the Seventh Circuit recognized that "heart palpitations, chest pains, labored breathing, choking sensations, and paralysis in . . . legs and back" resulting from a denial of medication constituted a serious physical injury. *Id.* The Eighth Circuit also has addressed the question, concluding that a spreading infection in the mouth that resulted from a lack of proper dental treatment amounted to a serious physical injury. *McAlphin v. Toney*, 281 F.3d 709, 710 (8th Cir. 2002).

-4-

While the Court accepts that Plaintiff's pain my not be fully controlled, despite ongoing pain treatment, Plaintiff's claim that he requires surgery amounts to nothing more than a disagreement with his medical provider. Such a disagreement ordinarily does not rise to the level of an Eighth Amendment violation, *see Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976) (distinguishing "between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment"), much less demonstrate the existence of imminent danger of serious physical injury. It is apparent from Plaintiff's complaint and attachments that Plaintiff has been seen regularly by medical personnel and has been prescribed a variety of treatments. While he may not be entirely satisfied with the efficacy of the treatments, his condition has not gone untreated. Given that Plaintiff's condition has existed and has been treated over a period of six years, Plaintiff's allegations cannot support a finding that the Defendant's one-time denial of surgery has placed Plaintiff in imminent danger of serious physical injury.

In light of the foregoing, § 1915(g) prohibits Plaintiff from proceeding *in forma pauperis* in this action. Plaintiff has twenty-eight (28) days from the date of entry of this order to pay the entire civil action filing fee, which is $350.00. When Plaintiff pays his filing fee, the Court will screen his complaint as required by 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c). If Plaintiff fails to pay the filing fee within the 28-day period, his case will be dismissed without prejudice, but he will continue to be responsible for payment of the $350.00 filing fee.

Dated:   June 6, 2012                         /s/ Paul L. Maloney
                                              Paul L. Maloney
                                              Chief United States District Judge

**SEND REMITTANCES TO THE FOLLOWING ADDRESS**:
Clerk, U.S. District Court
399 Federal Building

-5-

110 Michigan Street, NW
Grand Rapids, MI 49503

**All checks or other forms of payment shall be payable to "Clerk, U.S. District Court."**